**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STACEY M. PETERSON,

    Petitioner,

-vs-                                                      Case No.  8:05-cv-972-T-30EAJ

JAMES V. CROSBY, JR.,

    Respondents.
_____/

**ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*,[1] initiated this cause of action by filing a request for federal habeas relief pursuant to 28 U.S.C. § 2254 (Dkt. 1), a Motion for Appointment of Counsel (Dkt. 2), and a Motion for Leave to Obtain Discovery (Dkt. 3). Petitioner did not pay the $5.00 filing fee or file a request to proceed *in forma pauperis*. *See* Rule 1.03(e) (M.D. Fla. 2004) ("The Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, *sua sponte*, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action.").

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with $3.95 postage affixed thereto. For your information, the Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the Prison Law Library. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

On July 2, 2001, Petitioner was charged with driving while his license was suspended and driving with no motor vehicle registration in Case No. 2001-CV-1645A.[2] The vehicle registration charge was not prosecuted. At that time, Petitioner was on probation in Case No. 2000-CF-53 (dealing in stolen property), Case No. 2000-CF-54 (dealing in stolen property), and Case No. 2000-CF-1013(c) (engaging in a scheme to defraud, grand theft, and dealing in stolen property).

Petitioner was charged on July 23, 2001, with violating four of the conditions of his probation, to wit, (1) failing to report for the month of June 2001 (Condition 2); (2) changing residence without permission (Condition 4); (3) failing to follow his probation officer's instructions (Condition 10); and (4) new law violations[3] (two) (Condition 5). Petitioner was found guilty of being in violation of Conditions 2 and 5 of his probation on February 20, 2002. He was sentenced on May 14, 2002, to a term of eleven (11) years imprisonment on each of the underlying convictions, with the sentences to run concurrently. Petitioner states that he did not file an appeal.

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel and that he is "actually innocent of the allegations which led to the violating of his probation" (Dkt. 1 at 5). Petitioner is challenging the revocation of his probation in Case Nos. 2000-CF-53, 2000-CF-54, and 2000-CF-1013(c), but specifically states that he is not challenging the conviction entered in Case No. 2001-CV-1645A, which

---

[2] The Court takes judicial notice of information available on the Court House Information Processing System maintained by the Clerk of the Circuit Court, Manatee County, Florida, http://www.clerkofcourts.com, viewed on May 26, 2005. *See* Fed. R. Evid. 201.

[3] Having entered a plea of nolo contendere to the charge of driving while his license was suspended, Petitioner was adjudicated guilty by the Twelfth Judicial Circuit Court, Manatee County, Florida, on March 14, 2002. *See State v. Peterson*, Case No. 2001-CV-1645A (Fla. 12th Jud. Cir. Ct. 2002).

was the basis for the trial court's finding that Petitioner was in violation of Condition 5 of his probation requiring that he not engage in any unlawful activity while on probation (Dkt. 1.

Although Petitioner is not challenging the conviction in Case No. 2001-CV-1645A, he is seeking leave to engage in discovery he asserts will establish that he is innocent of the offense of conviction in that case. Specifically, Petitioner seeks an order compelling Respondent to provide him information regarding the identity of the tow truck operator called to the scene following his arrest on July 2, 2001, and the tow truck operator's employer, pursuant to Rule 6(a), Rules Governing Section 2254 Cases (2005) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure."). Given that Petitioner entered a plea of nolo contendere to the charge and does not challenge the conviction in Case No. 2001-CV-1645A, allowing him to engage in discovery related thereto in these proceedings would be futile. *See Maselli v. State*, 446 So.2d 1079, 1081 (Fla. 1984) (finding that "a conviction entered upon a plea of nolo contendere by a probationer is a sufficient lawful basis for revocation of probation"); *Grizzard v. State*, 881 So.2d 673, 676 (Fla. 5th DCA 2004) ("A conviction entered upon a nolo contendere plea, standing alone, can constitute a sufficient basis upon which to revoke probation").

Petitioner requests appointment of counsel to assist him with discovery pursuant to Rules 6(a) and 8(c), Rules Governing Section 2254 Cases (2005). There is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Pursuant to Rule 6(a) "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Given that the Court has not granted leave

to conduct discovery in these proceedings, the request for appointment of counsel under Rule 6(a) will be denied.

Rule 8(a) provides that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c), Rules Governing Section 2254 Cases (2005). At this stage of these proceedings, appointment of counsel is not warranted under either Rule 6(a) or Rule 8(c). *See McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks*, 775 F.2d at 1438. Should the Court decide that discovery is necessary or an evidentiary hearing is required to enable it to resolve claims raised in the petition, it will notify Petitioner of that decision. In that event, an attorney will be appointed to represent Petitioner if he meets the criteria found at 18 U.S.C. § 3006(A).

**ACCORDINGLY**, the Court **ORDERS** that**:**

1. Petitioner shall, on or before June 30, 2005, either submit the $5.00 filing fee or complete and file the **enclosed** Affidavit of Indigency.

2. The **Clerk** shall **enclose two copies** of the court-approved Affidavit of Indigency form with Petitioner's copy of this Order. This case number should be affixed to the forms.

3. The Motion for Appointment of Counsel (Dkt. 2) is **DENIED** without prejudice.

4. The Motion for Leave to Obtain Discovery (Dkt. 3) is **DENIED** without prejudice.

5. Failure to comply with this Order within the allotted time shall result in the **dismissal** of this action **without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copies furnished to:
All Parties/Counsel of Record