**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STACEY M. PETERSON,

    Petitioner,

-vs-                                                    Case No.  8:05-cv-972-T-30EAJ

JAMES V. CROSBY, JR.,

    Respondents.
_____/

## ORDER

This cause is before the Court upon receipt of Petitioner's Motion to Voluntarily Dismiss 2254 Petition (Dkt. 9).  Service of the petition has not been effected.  Under Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service of the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1). "Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court." *University of So. Ala. v. The American Tobacco Co.*, 168 F.3d 405 409 (11th Cir. 1999) (a dismissal under Rule 41(a)(1) is generally self-executing).

Petitioner has previously informed the Court that with the assistance of a "certified law clerk," he discovered that a claim related to his underlying conviction for driving with a suspended license has not been exhausted in state court.  Petitioner requests that this matter be dismissed without prejudice to allow him to exhaust his claim and refile his § 2254 petition after the claim has been properly exhausted.

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982).

**ACCORDINGLY**, the Court **ORDERS** that Petitioner's motion(Dkt. 9) is **GRANTED**.[1] This action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41 (a)(1). The Clerk shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copies furnished to:
All Parties/Counsel of Record

---

[1] Any subsequently-filed habeas petition challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). A dismissal without prejudice does not excuse noncompliance with the limitation period, and the time in which a federal habeas petition is pending does not toll it. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).